UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT JOHN DYKAS,

      Plaintiff,                                     Case No: 1:12-cv-436

v.                                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/


**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. *See* 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I.**

Plaintiff first objects that the Magistrate Judge's findings regarding Plaintiff's disability under section 12.05 (mental retardation) of the Listing of Impairments are not supported by substantial evidence and are contrary to settled law. This objection is without merit.

Plaintiff argues that the Magistrate Judge misinterpreted the settled law for the analysis of developmental disability claims based on mental retardation by essentially requiring a diagnosis of "mental retardation" prior to age 22, which is contrary to section 12.05. Further, the Magistrate Judge erred in finding that Plaintiff did not meet the criteria under 12.05C and 12.05D, that his deficits in adaptive functioning did not manifest before age 22, and that Plaintiff's IQ score of 65 indicated "borderline intellectual functioning." Plaintiff contends that a proper analysis shows that Plaintiff is disabled under 12.05C and/or 12.05D, and therefore, the Report and Recommendation should not be adopted.

The Magistrate Judge fully considered Plaintiff's contentions vis-à-vis the standards under Listing 12.05, and properly concluded that the ALJ's[1] decision was supported by substantial evidence. The Magistrate Judge noted that "even if the Court *assumes* that Plaintiff satisfies the criteria articulated in subsections (C) and (D), he must also satisfy the requirements articulated in the introductory paragraph of Section 12.05" (R & R at 11, citing 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00(A) ("'[i]f your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets' section 12.05")) (emphasis added). That is, to satisfy section 12.05, the claimant must demonstrate that he experienced deficiencies *in adaptive functioning* prior to attaining the age of 22 (R & R at 11, citing *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (emphasis added)). Contrary to Plaintiff's assertion, the Magistrate Judge's analysis did not essentially require a diagnosis of mental retardation prior to age 22. In fact, as Plaintiff notes (Obj. at 2), the Magistrate Judge observed that

---

[1]Administrative Law Judge

"[t]he record contains no evidence that Plaintiff experienced deficiencies in adaptive behavior or suffered from mental retardation prior to the age of 22 *or at anytime after age 22*" (R & R at 11) (emphasis added).

The Magistrate Judge found that the evidence supported the ALJ's conclusion that Plaintiff suffered from borderline intellectual functioning, which is inconsistent with a diagnosis of mental retardation and, therefore, precluded a finding that the requirements of section 12.05 were met (*id.* at 12, citing *Cooper v. Comm'r of Soc. Sec.,* 217 F. App'x 450, 451 [452] (6th Cir. Feb. 15, 2007)). Moreover, the Magistrate Judge found that Plaintiff's range of activities likewise failed to support his argument that he satisfied section 12.05 because they indicated that he "did not experience deficiencies in adaptive behavior *prior to age 22, or thereafter* for that matter" (R &R at 12) (emphasis added). Contrary to Plaintiff's argument, this Court does not find *Cooper* distinguishable on the facts.

Plaintiff has demonstrated no error in the Magistrate Judge's analysis or conclusion. While Plaintiff presents a different view of the evidence, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). The substantial evidence standard presupposes the existence of a zone of choice within which the decision maker can properly rule either way, without judicial interference. *Id.* at 773; *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Plaintiff's first objection is therefore denied.

## II.

Secondly, Plaintiff objects that the Report and Recommendation of the Magistrate Judge is based on findings and arguments that were not addressed by the Commissioner, and therefore,

3

Plaintiff is entitled to a remand. Plaintiff asserts that (1) the ALJ did not specifically address whether Plaintiff's deficits in adaptive functioning manifested before age 22, except to point out that Plaintiff's Disability Report stated that Plaintiff was not in special education; and (2) the ALJ's finding that Plaintiff's past work was "semi-skilled" is contrary to the VE[2] testimony (Obj., at 10, citing Tr. 18). Plaintiff argues that if the Court determines that there is an issue whether he has or had deficits in adaptive functioning, or an issue as to the severity of those deficits, the Court must remand the case for further factual findings.

As discussed above, Plaintiff has failed to demonstrate error in the Magistrate Judge's analysis or conclusions with regard to whether Plaintiff met the requirements of Listing 12.05. The Court therefore finds no issue warranting remand for further factual findings with regard to whether Plaintiff has or had deficits in adaptive functioning or the severity of those deficits. Plaintiff's second objection is denied.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 22) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 21) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 31, 2014  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge

---

[2]Vocational Expert